# United States District Court
### Eastern District of California

**UNITED STATES OF AMERICA**                    **CRIMINAL COMPLAINT**

**V.**

**DAVID M. STEVENOT**                    DOCKET NUMBER: 6:19-mj-0067-JDP

I, legal officer Susan St. Vincent, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In Yosemite National Park, in the Eastern District of California, David M. STEVENOT did or was:

>**Count 1:** Present in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources in violation of Title 36 Code of Federal Regulations § 2.35(c).
>**Maximum penalty: 6 months imprisonment and/or $5,000 fine.**

>**Count 2:** Operate a motor vehicle while under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that rendered him incapable of safe operation in violation of Title 36 Code of Federal Regulations § 4.23(a)(1).
>**Maximum penalty: 6 months imprisonment and/or $5,000 fine.**

>**Count 3:** Drive when his driving privilege was suspended or revoked for driving with excessive blood alcohol level in violation of Title 36 Code of Federal Regulations § 4.2; California Vehicle Code § 14601.5.
>**Maximum penalty:** ~~10 days~~ 6 months **imprisonment and/or $5,000 fine.**

>**Count 4:** Carry or store a bottle, can or other receptacle containing an alcoholic beverage that is open, or has been opened, or whose seal is broken or the contents of which have been partially removed, within a motor vehicle in a park area in violation of Title 36 Code of Federal Regulations § 4.14(b).
>**Maximum penalty: 6 months imprisonment and/or $5,000 fine.**

>**Count 5:** Refuse to submit to an evidentiary test in violation of Title 36 Code of Federal Regulations § 4.23(c)(2).
>**Maximum penalty: 6 months imprisonment and/or $5,000 fine.**

I further state I am the legal officer and this complaint is based on the following facts and

Speedy Trial Act Applies: **No**                    U.S. v. David M. Stevenot
                                                                         Criminal Complaint

Page **1** of **3**

information supplied to me by National Park Service Law Enforcement Rangers.

On September 6, 2019 at approximately 6:59 p.m. Ranger F. Sena received a call from Yosemite Dispatch of an intoxicated individual sitting in a car parked in Upper Pines campsite 131. The reporting party, a park visitor, stated a man, later identified as David M. STEVENOT, had hit a tree while attempting to park his vehicle. After hitting the tree, STEVENOT stumbled out of his vehicle and had to use the vehicle for support while walking. The reporting party observed STEVENOT get into his vehicle and move into an undesignated space between campsites 131 and 133.

Rangers Sena, B. Latham and J. Fey responded to the area in separate vehicles. Ranger Sena arrived approximately 5 minutes after receiving the call from Dispatch, and she found a vehicle matching the description parked on plants and gravel between campsites 131 and 133. The vehicle had evidence of a collision with a tree on the rear bumper in the form of bark fibers and a tree close to the designated parking pad of site 133 had evidence of collision in the form of split bark. Ranger Sena spoke with the occupants of site 131, and they stated they didn't know STEVENOT but they thought he was drunk.

Ranger Sena observed STEVENOT sitting on the curb of a parking pad cooking on a small camp stove. Ranger Sena instructed him to move away from the camp stove and knife and to sit on a nearby rock. The path to the rock was level and clear, but Ranger Sena observed STEVENOT stumbled and nearly fall as he moved to the rock. STEVENOT, confirmed that he was the operator of the vehicle. STEVENOT stated he did not have his driver's license, and he provided Ranger Sena his name and date of birth. Yosemite Dipatch advised Ranger Sena that STEVENOT's license returned as suspended for a previous DUI. STEVENOT also confirmed that he had backed into a tree while attempting to park the vehicle. STEVENOT stated he had consumed 2 glasses of wine.

Ranger Fey asked STEVENOT what time he parked in that spot to which STEVENOT replied, "About 4:30." STEVENOT stated that he parked there after going to the store in order to purchase ice. STEVENOT provided Ranger Fey with a receipt from the store which had a time stamp of 6:13 p.m. STEVENOT continuously lost focus and could not remain on topic during conversation with the rangers.

Ranger Sena conducted a single standardized field sobriety test, the Horizontal Gaze Nystagmus (HGN) test, during which STEVENOT exhibited 6 of 6 indicators of impairment. Ranger Sena did not have STEVENOT perform the Walk and Turn or One Leg Stand tests because he had difficulty standing and walking without stumbling and hurting himself. While conducting the HGN test, Ranger Sena noted a strong odor of alcohol coming from STEVENOT's person. STEVENOT had bloodshot, watery eyes, slurred his words, and was at times unable to focus on the topic of conversation.

Speedy Trial Act Applies: **No**        U.S. v. David M. Stevenot
                                                    Criminal Complaint

Ranger Sena placed STEVENOT under arrest and transported him to the Yosemite Holding Facility. Once at the holding facility, Ranger Sena advised STEVENOT he was required to submit to a breath sample and she read him an advisement detailing the requirement and possible penalty for refusing to provide a breath sample. STEVENOT refused to provide a breath sample.

Subsequent to STEVENOT's arrest, Ranger Latham contact witnesses and obtained verbal and written statements. One witness, JC, stated he observed STEVENOT pull into the parking pad of site 131 in Upper Pines Campground. JC stated STEVENOT was not the person who had been in the site all day. JC stated he observe STEVENOT back into a tree at the campsite. JC also stated he observed STEVENOT get out of his car holding onto the car for stability, and stumble around the campsite while unloading his vehicle. JC stated that while STEVENOT was unloading his car, the occupants of site 133 arrived, and STEVENOT got a bottle of vodka out of his car and offered some to occupants of site 133. JC stated he did not see STEVENOT drink any alcohol from the time STEVENOT drove into the campsite until the ranger arrived on scene, approximately 30 minutes later.

Ranger Latham arranged for a tow truck to tow STEVENOT's vehicle from the campground. Prior to the vehicle being towed, Rangers Latham and Chapman performed an inventory and located a half empty bottle of vodka behind the driver's seat.

Ranger Sena reviewed STEVENOT's driving history at the Yosemite Holding Facility. Ranger Sena confirmed that STEVENOT's license was suspended as of March 2018 for excessive blood alcohol level and that STEVENOT had received verbal notice of that suspension.

I declare under penalty of perjury the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

9/20/19
Date

Susan St. Vincent
Legal Officer
Yosemite National Park, CA

Sworn to before me and subscribed in my presence in Yosemite National Park, California.

9/20/19
Date

Honorable Jeremy D. Peterson
United States Magistrate Judge
Eastern District of California

Speedy Trial Act Applies: **No**

U.S. v. David M. Stevenot
Criminal Complaint