IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID M. STEVENOT,<br><br>    Defendant. | Case No. 6:19-mj-00067-HBK<br><br>ORDER APPROVING STIPULATION TO EXTEND PROBATION AND MODIFY A CONDITION OF PROBATION PURSUANT TO 18 U.S.C. §§ 3563(C) AND 3564(D) |

**IT IS HEREBY STIPULATED**, by and between the parties, through their respective counsel, Yosemite Legal Officer Sean O. Anderson, counsel for the plaintiff, and Assistant Federal Defender Eric V. Kersten, counsel for David M. Stevenot, that the Court may modify Mr. Stevenot's term of unsupervised probation, set to expire on April 28, 2023; modify condition 7 to place Mr. Stevenot on supervised probation, until April 28, 2023, All other conditions remain in full force and effect; and modify condition 8 so the defendant shall not leave the judicial district of supervised probation, without the permission of the court or probation officer.

On April 28, 2020, Mr. Stevenot was sentenced in the Eastern District of California (ED/CA) by the Honorable Jeremy D. Peterson, U.S. Magistrate Judge, for Count Three: Drive When Diving Privileges Suspended or Revoked for Driving with Excessive Blood Alcohol Content, 35 C.F.R. § 4.2(b)(2), a Class B misdemeanor; and Refuse to Submit to Evidentiary Test, 35 C.F.R. § 4.23(c)(2), a Class B misdemeanor. The Court sentenced him to Two (2) years

supervised probation, followed by One (1) year unsupervised probation. The Court ordered the standard conditions of probation: be supervised by the U.S. Probation Office (USPO) for two years to be completed by April 28, 2022, and to be followed by One (1) year unsupervised probation to be completed by April 28, 2023; obey all federal, state, and local laws; notify the court and the government officer within seven days of any change in address; pay a fine or special assessment $20 in full by April 28, 2021; appear for probation review hearings on April 20, 2021, April 12, 2022, and March 14, 2023, at 10 a.m.; advised the court and the government officer within seven days of being cited or arrested for any alleged violation of law. The Court ordered the following special conditions: search by USPO or any other authorized person; participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse; participate in a program of testing to determine if he has reverted to the use of drugs or alcohol; participate in a program of outpatient mental health treatment; participate in a co-payment plan for treatment or testing and make payments directly to the vendor under contract with the USPO of up to $25/month; and abstain from the use of alcoholic beverages and shall not enter, visit, or be present at any place where alcohol is the chief item of sale. Mr. Stevenot commenced supervision in the Northern District of California (ND/CA) on April 28, 2020.

      A review hearing was held on April 12, 2022, before the Hon. Helena Barch-Kuchta. At that time, Mr. Stevenot was in compliance with all conditions of his probation.

      There is probable cause to believe that the person under supervision violated Mandatory Probation Condition Number Two which states he shall obey all federal, state, or local laws; Mandatory Condition Number Six which states he shall advise the Court and government officer within seven days of being cited or arrested for any alleged violation of law; and Special Condition Number Six which states he abstain from the use of alcoholic beverages and shall not enter, visit, or be present at any place where alcohol is the chief item of sale. On October 29, 2022, Stevenot was cited by the San Antonio Police Department (SAPD) for alleged violations of Texas Penal Code (TPC) 49.0--Public Intoxication, a misdemeanor. According to the SAPD,

On October 28, 2022, at approximately 6:09 p.m., an officer from the SAPD was dispatched to the Canopy by Hilton--located at 123 N. St. Mary's St., San Antonio, TX. Upon arrival, the SAPD officer made contact with the suspect, later identified as David Mark Stevenot--who was sitting on a couch inside the location asleep. The officer was advised by staff at the location that Stevenot was not a guest at the hotel and needed to leave. The SAPD officer attempted to wake up Stevenot several times and he [Stevenot] immediately laid his head back down to go back to sleep. The officer picked Stevenot up and informed him [Stevenot] that he was not welcome at this location anymore and needed to vacate the premises. Stevenot had a strong odor of intoxicants emanating from his person, he [Stevenot] had bloodshot, watery, glazed eyes. After a moment of him [Stevenot] being outside, he [Stevenot] attempted to reenter the location. Due to Stevenot's level of intoxication, the officer placed him [Stevenot] into handcuffs and he [Stevenot] was then transported to the Center for Health Care Services--located at 601 N. Frio St., San Antonio, TX--where he [Stevenot] was released to the medical staff for detoxification. While at the facility, Stevenot's breath sample results read 0.262. Eventually, Stevenot received a written citation for public intoxication.

    The Probation Office is requesting this modification.  According to Probation, Stevenot will be monitored for any commission of future law violations. Stevenot indicated he receives continuing testing where he resides at the Serendipity House Sober Living Environment (SLE). In addition, according to Stevenot, the trigger for his alcohol use was caused by his forgetting to bring and take his psychotropic medication(s). The Probation Officer believes this violation can be adequately addressed by reinstituting active supervised probation, reintroducing both the mandatory probation and special conditions with emphasis on participation with mental health treatment services and substance abuse testing and treatment; and with a modified additional condition related to seeking authorization from the court or USPO prior to any travel. As a result, the Parties join with Probation's request, and stipulate to the following modifications:

To modify the conditions of Probation as follows:

//

7. Place the defendant back on supervised probation for the remainder of his term, with an anticipated end date of April 28, 2023. All other conditions remain in full force and effect.

8. The defendant shall not leave the judicial district without the permission of the court or probation officer.

                                              Respectfully submitted,

                                              PHILLIP A. TALBERT
                                              United States Attorney

Date:  January 16, 2023                 */s/ Sean O. Anderson*
                                              SEAN O. ANDERSON
                                              Yosemite Legal Officer
                                              Attorney for Plaintiff

                                              HEATHER E. WILLIAMS
                                              Federal Defender

Date: January 16, 2023                  */s/ Eric V. Kersten*
                                              ERIC V. KERSTEN
                                              Assistant Federal Defender
                                              Attorney for Defendant
                                              DAVID M. STEVENOT

## **O R D E R**

**IT IS SO ORDERED.**  Pursuant to 18 U.S.C. § 3563(c), the Court hereby extends supervised probation to April 28, 2023 and modifies conditions 7 and 8 as follows:

      7.     Place the defendant back on supervised probation for the remainder of his term, with an anticipated end date of April 28, 2023.

8. The defendant shall not leave the judicial district of supervised probation, without the permission of the court or probation officer.

All other conditions previously imposed remain in full force and effect.

Dated:  February 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE